UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS ROSARIO, JR.,

                              Plaintiff,

              -against-

CITY OF NEW YORK COMPTROLLER,

                              Defendant.

23-CV-1775 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, and the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601-1667. He alleges that his car was immobilized due to unpaid fines arising from traffic and parking violations, which he describes as "unauthorized" charges. By order dated March 1, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court dismisses Plaintiff's complaint but grants him leave to replead, if he wishes to do so, within 30 days.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are alleged in Plaintiff Carlos Rosario's complaint. In or about October 2022, Plaintiff's "vehicle was immobilized [and] then booted . . . due to 'a nonpayment.'" (ECF 1 at 5.) He argues that he has been "abused and harassed" and seeks damages from Defendant New York City Comptroller based on alleged violations of the FDCPA.

Plaintiff also contends that, in violation of TILA, his "credit card was used without [his] authorization." (*Id.*) Plaintiff attaches to his complaint a copy of a document title "PHTO SCHOOL ZN SPEED VIOLATION," which indicates that a car with plate details "HOD4105 OH PAS" was charged $77.52, apparently for a speeding violation in a school zone. In the margin next to this ticket, Plaintiff draws an arrow next to his license plate details and writes, "15 USC 1602(I) The term 'credit card' means any . . . plate . . . ." (ECF 1-1 at 12.)[1] Plaintiff also writes in the margin of this ticket, "15 USC 1602(3) 'Unauthorized use' . . . means a use of a credit card by a person other than the card holder who does not have actual, implied, or apparent authority for such use and for which the cardholder receives no benefit." (*Id.*)[2] He thus seems to

---

[1] Plaintiff invokes the definition set forth in the TILA, which  provides in full: "The term 'credit card' means any card, plate, coupon book or other credit device existing for the purpose of obtaining money, property, labor, or services on credit." 15 U.S.C. § 1602(l).

[2] This definition in the TILA provides in full: "The term 'unauthorized use,' as used in section 1643 of this title, means a use of a credit card by a person other than the cardholder who

suggest that his license plate is a credit card within the meaning of the TILA, and that the New York City agency engaged in unauthorized use of his credit card – that is, his license plate – when it imposed a fine on him, without his authorization, for speeding.

## DISCUSSION

### A.    FDCPA Claim

The FDCPA prohibits harassing, deceptive, and misleading practices by "debt collectors." 15 U.S.C. §§ 1692d, 1692e. A debt collector is defined in Section 1692a(6) as: (1) a person whose principal purpose is to collect debts; (2) a person who regularly collects debts owed to another; or (3) a person who collects its own debts, using a name other than its own, as if it were a debt collector. 15 U.S.C. § 1692(a)(6); *see also Henson v. Santander Consumer USA, Inc.*, 582 U.S. 79 (2017) (the FDCPA "defines debt collectors to include those who regularly seek to collect debts 'owed . . . another'"). The Supreme Court has construed the term "debt collectors" in the FDCPA as "focus[ing] our attention on third party collection agents working for a debt owner—not on a debt owner seeking to collect debts for itself." *Id.* at 83.

Section 1692d of the FDCPA provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Conduct in violation of the statute includes, among other examples and without limitation, using violence or the threat of violence or other criminal means; using obscene or profane language "the natural consequence of which is to abuse the hearer or reader"; publishing a list of consumers who refuse to pay debts; or

---

does not have actual, implied, or apparent authority for such use and from which the cardholder receives no benefit." 15 U.S.C. § 1602(p).

"[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass" the person called. *Id.*

First, Plaintiff has not alleged that Defendant City of New York Comptroller has engaged in conduct that violates the FDCPA. While having his car immobilized as a result of judgments against him was no doubt unwelcome and inconvenient for Plaintiff, this conduct is not similar in kind to the examples of prohibited conduct set forth in Section 1692d. As other courts have noted, "[a]ny attempt to collect a defaulted debt will be unwanted by a debtor," but this does not mean that the conduct qualifies as "an abusive tactic under the FDCPA." *Lane v. Fein, Such & Crane, LLP*, 767 F. Supp. 2d 382, 390 (E.D.N.Y. 2011) (citation omitted).

Moreover, Plaintiff names the City of New York Comptroller as the sole defendant in this matter, but he does not allege facts showing that it qualifies as a debt collector for purposes of the FDCPA in these circumstances. As the Supreme Court has explained, "you have to attempt to collect debts owed another before you can ever qualify as a debt collector." *Henson*, 582 U.S. at 87. An agency of the City of New York attempting to enforce civil fines and judgments owed to the City itself, rather than to a third party, is not a "debt collector" within the meaning of the FDCPA.

Plaintiff's allegations thus do not state a claim for a violation of the FDCPA, both because he has not alleged that Defendant engaged in any abusive tactics and because his FDCPA claim is not asserted against a debt collector. The Court therefore dismisses Plaintiff's claims brought under the FDCPA. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      TILA Claim**

Plaintiff contends that his "credit card was used without [his] authorization." (ECF 1 at 5.) He relies on Section 1602 of the TILA, which defines the term "credit card" to mean "any card, *plate*, coupon book or other credit device existing for the purpose of obtaining money,

property, labor, or services on credit." 15 U.S.C. § 1602(l) (emphasis added). Plaintiff also cites TILA's provision defining "unauthorized use." 15 U.S.C. § 1602(p). Plaintiff appears to argue that his "plate" was used without his authorization when he was ticketed, based on a photograph of his license plate, for speeding in a school zone.

Plaintiff's argument is based on a misreading of the statute. A license plate does not constitute a "credit card" within the meaning of the TILA, because it is not a "device existing for the purpose of obtaining money, property, labor, or services on credit," 15 U.S.C. § 1602(l). Plaintiff's allegations thus fail to state a claim on which relief can be granted for a violation of his rights under the TILA, and the Court dismisses this claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    Supplemental State Law Claims

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Here, the facts alleged in Plaintiff's complaint give no indication that the defects be cured with an amendment. Because Plaintiff proceeds without the benefit of counsel, the Court will nevertheless hold this matter open on the docket for 30 days to allow Plaintiff to amend his complaint if he wishes to do so.

If Plaintiff chooses to amend his complaint, the amended complaint must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

**D.      NYLAG**

Plaintiff may consider contacting the New York Legal Assistance Group's (NYLAG) Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil lawsuits in this court. The clinic is run by a private organization; it is not part of, or run by, the court. It cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit. A copy of the flyer with details of the clinic is attached to this order.

**CONCLUSION**

Plaintiff's complaint fails to state a claim for a violation of his rights under the FDCPA or the TILA. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to exercise supplemental jurisdiction of any state law claims that Plaintiff may be asserting.

The Court will hold this matter open on the docket for 30 days to allow Plaintiff to file an amended complaint if he wishes to do so. If Plaintiff chooses to file an amended complaint, it must be submitted to this Court's Pro Se Intake Unit within 30 days of the date of this order, be captioned as an "Amended Complaint," and be labeled with the docket number 23-CV-1775 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

      SO ORDERED.

Dated:   May 30, 2023
        New York, New York

                    /s/ LAURA TAYLOR SWAIN
                    LAURA TAYLOR SWAIN
                Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name               Middle Initial      Last Name

_____

Street Address

_____

County, City                     State           Zip Code

_____

Telephone Number            Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 2: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 3: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 4:

_____

First Name                              Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |
|---|---|---|

| |
|---|
| Street Address |

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

Room LL22
40 Foley Square
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. – 4 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

